IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| NAS Insurance Group, | ) | C.A. No. 6:05-660-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| David Sebag, Starlite Investment Group, | ) | |
| Inc. d/b/a Sebastian's, William P. Scurry, | ) | |
| J&W Corporation of Greenwood, Alex | ) | |
| Helms, and Paradise Island, Inc., of | ) | |
| Hilton Head, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on William P. Scurry ("Scurry") and J&W Corporation of Greenwood's ("J&W") (collectively "movants") motion to transfer venue pursuant to 28 U.S.C. § 1404(a). After review, the court denies the motion to transfer the case to the Beaufort Division of the United States District Court for the District of South Carolina.

## I. FACTUAL AND PROCEDURAL BACKGROUND

NAS Insurance Group ("NAS") initiated this action on March 1, 2005, seeking a declaration of its rights under a Commercial General Liability Policy issued by NAS to Starlite Investment Group, Inc. d/b/a Sebastian's ("Sebastian's"), an adult entertainment facility. (Compl. ¶ 1.) NAS contests whether the alleged injuries sustained by David Sebag from a fall at Sebastian's are covered under the Commercial General Liability Policy. (Id. ¶¶ 12, 21, 26, & 30.)

1

Scurry and J&W filed a motion to transfer venue on May 2, 2005, alleging that the Beaufort Division is a more convenient forum for the parties and witnesses in this case "because the majority of the parties in this matter are residents or businesses located in or around the geographic boundaries of the Beaufort Division of the United States District Court, District of South Carolina." (Movants' Mem. Supp. Mot. Change Venue at 3.) In addition, the movants allege that the majority of events giving rise to this lawsuit took place in the Beaufort Division. (Id.) NAS argues that the court should not transfer venue in this case because the movants have failed to meet their burden of proving that the Beaufort Division is more convenient for the parties and witnesses. (NAS Mem. Opp'n Mot. Change Venue at 2.) Further, NAS submits that the interest of justice does not support transfer because a declaratory judgment action requires the court to decide questions of law. (Id.) As such, NAS submits that the fact that the events underlying this lawsuit occurred in the Beaufort Division does not weigh in favor of transferring venue.

## II. Discussion of the Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404(a) are committed to the discretion of the transferring judge . . . ." Brock v. Entre Computer Ctrs., Inc. 933 F.2d 1253, 1257 (4th Cir. 1991). "To prevail on a motion to change venue pursuant to § 1404, the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the

2

parties and witnesses and better promote the interests of justice." Figgie Int'l., Inc. v. Destileria Serralles, Inc., 925 F. Supp. 411, 413 (D.S.C. 1996) (internal quotations omitted).

### 1. Convenience to the Parties and Witnesses

The movants have failed to show by a preponderance of the evidence that the convenience to the parties and witnesses supports transferring venue to the Beaufort Division. "The moving party in a § 1404 motion should submit, through affidavits from the witnesses and/or parties involved information detailing to the court why or to what extent he or she will be inconvenienced by moving the case to another district or allowing the case to remain in the district where it was brought." Id. at 414 (internal quotations omitted). "Without such information submitted through affidavit of the parties and witnesses concerned, the court cannot transfer the venue for convenience of the parties or witnesses." Id. (internal quotation omitted). As such, "[c]ounsel's assertions of hardship, without affidavits from the parties and/or witnesses who are purportedly going to be inconvenienced, is [sic] insufficient to convince the court that venue should be changed." Id.

First, the movants have failed to submit any affidavits supporting their contention that the court should transfer this case based on the convenience of the parties and witnesses. Additionally, the movants have submitted no evidence why these parties are inconvenienced, other than as a result of location, by having to litigate this matter in the Greenville Division. Moreover, the movants conclude, without any supporting evidence, that the convenience of the witnesses favors the Beaufort Division. As such, the movants have failed to satisfy their burden of showing that the convenience of the parties and witnesses supports transferring venue to the Beaufort Division.

3

## 2. The Interest of Justice

Further, the movants have failed to show by a preponderance of the evidence that the interest of justice supports transferring venue to the Beaufort Division. "The interest of justice is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986) (internal citations and quotation omitted). "Factors traditionally considered in an interest of justice analysis relate to the efficient administration of the court system." Id. at 221 (internal quotation omitted).

The movants allege that it is in the interest of justice to transfer venue to the Beaufort Division without providing any evidence to support this argument. (Movants' Mem. Supp. Mot. Change Venue at 3.) However, NAS argues that because this is a declaratory judgment action, "placing venue in the vicinity of the underlying liability case will not make resolution of this action any easier." (NAS Mem. Opp'n Mot. Change Venue at 2.) As such, NAS submits that it is a waste of judicial resources to transfer venue to the Beaufort Division. (Id.)

The movants have failed to provide any evidence that transferring venue to the Beaufort Division is in the interest of justice. As such, the court finds that the movants have failed to meet the burden of establishing that it is in the interest of justice to transfer venue to the Beaufort Division.

Therefore, it is

**ORDERED** that the movants' motion to transfer venue is denied.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 3, 2005