IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| NAS Insurance Group, | ) | C.A. No. 6:05-660-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| David Sebag, Starlite Investment Group, | ) | |
| Inc. d/b/a Sebastian's, William P. Scurry, | ) | |
| J&W Corporation of Greenwood, Alex | ) | |
| Helms, and Paradise Island, Inc., of | ) | |
| Hilton Head, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on NAS Insurance Group's ("NAS") motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Starlite Investment Group, Inc. d/b/a Sebastian's ("Starlite") accepted service of the summons and complaint on April 7, 2005. Starlite was required to answer or otherwise plead "within 20 days after being served with the summons and complaint." See Fed. R. Civ. P. 12(a)(1)(A). Starlite has not answered or otherwise pled, and more than 20 days have elapsed since Starlite was served. On September 13, 2005, the Clerk entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

In the complaint, NAS requests declaratory relief based on an insurance contract with Starlite. NAS does not seek the recovery of any attorney fees. Because it appears from the record that Starlite has failed to timely answer, move, or otherwise plead in response to NAS's complaint after being properly served, the court grants NAS's motion for default judgment.

1

It is therefore

**ORDERED** that Starlite is estopped from defending any of the claims raised in the NAS's complaint or counterclaiming based on the same set of operative facts and circumstances from which NAS's claims arise.

**IT IS SO ORDERED**.

                                        s/ Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
September 21, 2005